**U.S. Department of Justice**

*Um. 11-213 F*

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

Dorothy Manning Taylor
Assistant United States Attorney

*650 Poydras Street, Suite 1600*
*New Orleans, LA 70130*

*Telephone # : (504) 680-3083*
*Fax # : (504) 589-2027*

August 3, 2011

Mr. G. Patrick Hand, Jr.
901 Derbigny Street
Gretna, Louisiana 70053

    Re: <u>United States v. Oakmont Environmental, Inc.</u>

Dear Mr. Hand:

    In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and Oakmont Environmental, Inc. (Company), the defendant in the above-captioned proceeding. As defendant's counsel, you have reviewed the terms of this agreement and have been advised by the Company that the Company fully understands the terms of this agreement. The Company by resolution attached hereto has authorized a representative to enter into this plea agreement. Additionally, The Company has agreed to sign the waiver of indictment attached hereto.

    The Government intends to file a one count Bill of Information charging the Company with a felony violation of the Clean Water Act, 33 U.S.C. § 1319(c)(2)(A). In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges against the Company or against any related companion entity that operates out of the same office arising from or related to any and all conduct known to the Government, in the Eastern District of Louisiana, at the time of the relevant plea agreement including the activities specifically set forth in the Factual Basis.

    The Company understands that the maximum penalty it faces is a term of probation of five years and a fine of up to $500,000, or the greater of twice the gross gain to the Company or twice the gross loss to any person under Title 18, United States Code, Section 3571.

    It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the Company agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that the Company will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

    Further, the Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Except as otherwise provided in this paragraph, the Company hereby expressly waives its rights to appeal from its conviction and/or its sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The Company further waives its right to contest its conviction and/or its sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the Company may bring a post conviction claim if the Company establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the Company reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and The Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, The Company understands that any discussions with Company's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The Company agrees that any fine and community service will be non-dischargeable in any bankruptcy proceeding and that Company will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

The Company understands that the statements set forth above and the factual basis to be filed in the record represent Company's entire agreement with the Government in the Eastern District of Louisiana and that there are no other agreements, letters or notations that will affect this agreement.

Very truly yours,

_____ 11/9/11
DOROTHY MANNING TAYLOR
Assistant United States Attorney

OAKMONT ENVIRONMENTAL, INC.

By: _____  11/09/2011
CLIFTON P. KARR, authorized representative     Date
Defendant

_____  11/9/11
G. PATRICK HAND, JR.     Date
Attorney for defendant